The HOME SAVINGS AND LOAN COMPANY OF YOUNGSTOWN, OHIO, Appellant

v.

IRONGATE VENTURES, LLC, Jody Frey and Norman J. Frey III

and

M & M Diversified, Inc., David G. Cherup, Irongate Ventures, LLC, Jody Frey and Norman J. Frey III, Appellees.

The Home Savings and Loan Company of Youngstown, Ohio, Appellant

v.

Irongate Ventures, LLC, M & M Diversified, Inc., David G. Cherup, Jody Frey and Norman J. Frey III, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 25, 2011.

Filed April 8, 2011.

Richard J. Thomas, Youngstown, Ohio, for appellant.

John D. Eddy and Michael F. Fives, Pittsburgh, for Frey.

BEFORE: ALLEN, OLSON, and COLVILLE,* JJ.

OPINION BY ALLEN, J.:

Appellant, the Home Savings and Loan Company of Youngstown, Ohio ("Home Savings"), appeals from the trial court orders dated March 10, 2004 and March 24, 2010, in favor of the various defendants listed in the caption above ("Appellees"). The trial court orders directed the prothonotary to mark as satisfied, released, and discharged, the judgments entered in favor Home Savings and against Appellees. We affirm.

This appeal arises out of four consolidated actions filed by Home Savings after Appellees defaulted on commercial loans that Home Savings had extended to them. The loans were personally guaranteed by Norman J. Frey and Jody Frey and/or David Cherup, and secured by property owned by M & M and Irongate.

On June 8, 2007, Home Savings filed complaints in confession of judgment, seeking money judgments against Irongate, the Freys, David Cherup and M & M, for defaulting on their loan obligations.[1] These actions are referred to herein as "the Confession Actions."

On March 25, 2008, Home Savings filed separate complaints in mortgage foreclosure against M & M and Irongate, seeking foreclosure and sale of the mortgaged premises. These complaints are referred to herein as "the Foreclosure Actions."

After entry of judgment in the Foreclosure Actions against Irongate and M & M, a writ of execution was issued, proper notice was given, and the property was sold at sheriff's sale on April 9, 2009. Home Savings purchased the subject property at the sheriff's sale, and obtained title to the property on April 23, 2009.

On September 18, 2009, pursuant to the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103, Home Savings filed two Petitions to Fix Fair Market Value of Real Property

---

* Retired Senior Judge assigned to Superior Court.

1. A confession of judgment clause in a contract "permits the creditor or its attorney simply to apply to the court for [entry of] judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture." *Southwestern Pennsylvania Regional Council, Inc. v. Gentile,* 776 A.2d 276, 279 (Pa.Super.2001).

Sold at Sheriff's Sale and for Deficiency Judgment.[2] The two petitions sought to recoup from the Appellees any unpaid indebtedness on the principal and interest not satisfied by the sale of the property. Home Savings filed its petitions to fix fair market value and for deficiency judgment, within six months of the date of the sheriff's sale, in the dockets of the two Confession Actions. *See* 42 Pa.C.S.A. § 5522(b)(2) (requiring petitions to fix fair market value to be filed within six months).[3]

On November 25, 2009, more than six months after the sheriff's sale, Appellees filed petitions to have the judgments marked satisfied, released and discharged ("satisfaction petitions"). Appellees filed the satisfaction petitions in the dockets of the two Foreclosure Actions. In their satisfaction petitions, Appellees contended that the Deficiency Judgment Act, at

§ 8103, mandates that a creditor's petition to fix fair market value for purposes of seeking a deficiency judgment, must be filed in the action in which the property was sold, which would be the dockets of the Foreclosure Actions in the instant case. Appellees asserted that Home Savings failed to file petitions to fix fair market value in the dockets of the Foreclosure Actions within the six-month time limit. Rather, Home Savings filed its petitions to fix fair market value in the dockets of the Confession Actions. Because no petitions to fix fair market value were ever filed in the Foreclosure Actions, upon the expiration of the six-month time limit, Appellees sought to have the judgments in the Foreclosure Actions marked satisfied pursuant to § 8103(d) of the Deficiency Judgment Act.[4]

On December 21, 2009, Home Savings filed preliminary objections to Appellees'

2. "The Deficiency Judgment Act applies whenever real property of the debtor has been sold in execution to the judgment creditor for a sum less than the amount of the judgment, interest and costs. The creditor's judgment against the debtor is reduced by the fair market value of the property purchased by the creditor rather than by the actual sale price of the property." *Horbal v. Moxham Nat. Bank,* 548 Pa. 394, 697 A.2d 577, 581–582 (1997); 42 Pa.C.S.A. § 8103 *amended* 1998, Dec. 21, P.L. 1082, No. 144, § 1; 2004, Nov. 24, P.L. 1243, No. 152, § 5.

We note that in *Commonwealth v. Neiman,* 5 A.3d 353, (Pa.Super.2010) this Court, *en banc,* held that the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103, was unconstitutional. However, by order dated October 19, 2010, upon the Petition to Intervene of the General Assembly of the Commonwealth of Pennsylvania, this Court granted a stay of the decision in *Neiman,* retroactive to September 8, 2010, and pending review by the Pennsylvania Supreme Court.

3. 42 Pa.C.S.A. § 5522 provides:
 (b) Commencement of action required.— The following actions and proceedings must be commenced within six months
 . . . .

(2) A petition for the establishment of a deficiency judgment following execution and delivery of the sheriff's deed for the property sold in connection with the execution proceedings referenced in the provisions of section 8103(a) (relating to deficiency judgments)

4. 42 Pa.C.S.A. § 8103(d) provides:
 **Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, ... may file a petition, as a supplementary proceeding in the matter in which the judgment was entered ... setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

petitions to have the judgments in the Foreclosure Actions marked satisfied.

By order dated January 29, 2010, the trial court consolidated the Foreclosure Actions with the Confession Actions, and specified that consolidation did not prejudice any pre-existing rights of the parties.

Following a hearing, by order dated March 10, 2010, the trial court overruled Home Savings' preliminary objections to the Appellees' satisfaction petitions and directed Home Savings to file an answer. The trial court scheduled argument on the satisfaction petitions and answer for March 24, 2010. Additionally, the March 10, 2010 order denied an oral motion by Home Savings requesting the trial court to transfer the petitions to fix fair market value and for deficiency judgment filed in the Confession Actions, to the dockets of the Foreclosure Actions.

Following a March 24, 2010 hearing on the satisfaction petitions, the trial court found in favor of Appellees, and entered an order directing the prothonotary to mark the judgments in favor of Home Savings satisfied, released, and discharged in the Foreclosure Actions. The effect of the March 10, 2010 and March 24, 2010 orders was that Home Savings' judgments against M & M and Irongate Ventures were considered fully satisfied by the proceeds of the sale of the mortgaged real estate, such that there was no balance due to Home Savings for which the Appellees, as guarantors, could be held liable. Trial Court Opinion, 6/22/10, at 5.

Home Savings filed timely notices of appeal from both orders and complied with the trial court's directions to file concise statements of errors complained of on appeal. On June 22, 2010, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a).

Home Savings raises the following issues for our review:

1. Whether a petition for deficiency judgment pursuant to 42 Pa.C.S.A. § 8103 may properly be filed in a money judgment action against a person in the county where a related foreclosure proceeding occurred?

2. Whether a timely filed deficiency judgment petition filed in the county where real property was sold pursuant to 42 Pa.C.S.A. § 8103 et. seq. and Pa.R.C.P. 3278 may be stricken as untimely simply because it was not filed in the foreclosure action based on the holding in *Meyer v. Castellucci* [378 Pa.Super. 165], 548 A.2d 554 (Pa.Super.1988)?

3. Whether the trial court may deny motions to transfer the action pursuant to Pa.R.C.P. 213(f) or alternatively to amend the caption and deny a hearing on the merits of a Deficiency Petition when the Pa.R.C.P. 126 provides that the civil rules are to be construed in a manner that favors disposal of actions on the merits over findings on procedural grounds?

4. Whether a party who has already answered a petition for deficiency judgment filed pursuant to 42 Pa. C.S.A. § 8103 without affirmatively raising a statute of limitations defense in the answer, and who has engaged in discovery, may properly file and prevail upon an after-filed competing petition to mark the judgment satisfied in another case pursuant to 42 Pa.C.S.A. § 8103 on the grounds that its adversary failed to file the very petition that Respondent has already answered?

Appellant's Brief at 3–4.

We will address Home Savings' issues together because they are interrelated.

Home Savings challenges the trial court's interpretation of the Deficiency Judgment Act. Specifically, Home Savings argues that the Deficiency Judgment Act did not preclude it from filing petitions to fix fair market value in the Confession Actions to preserve its § 8103 deficiency judgment claims against Appellees. Appellant's Brief at 8–24.

■■■ "The scope of appellate review in a deficiency judgment proceeding is limited to assessing whether sufficient evidence exists to sustain the trial court's order, or whether the court committed a reversible error of law. The judgment creditor must carry the burden to demonstrate its compliance with the Deficiency Judgment Act." *First Federal Sav. & Loan Ass'n of Carnegie v. Keisling,* 746 A.2d 1150, 1153–1154 (Pa.Super.2000) (citations omitted). Moreover, the Deficiency Judgment Act is to be liberally interpreted in favor of judgment debtors. *Id.*

The Deficiency Judgment Act, 42 Pa. C.S.A. § 8103(a) provides, in pertinent part:

(a) General rule.—*Whenever any real property is sold ... to the judgment creditor in execution proceedings* and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, *the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered ....*

42 Pa.C.S.A. § 8103 (emphasis added).

■■■ After the fair market value of the property has been determined, "the judg-ment creditor may proceed by appropriate proceedings to collect the balance of the debt." 42 Pa.C.S.A. § 8103(c)(5). "The objective of the Deficiency Judgment Act is to relieve a debtor from further personal liability to the judgment creditor when the real property taken by the judgment creditor on an execution has a fair market value on the date of sale sufficient so that the judgment creditor can dispose of the property to others without a further loss." *Horbal v. Moxham Nat. Bank,* 548 Pa. 394, 697 A.2d 577, 582 (1997).

If the judgment creditor fails to file a § 8103(a) petition to fix the fair market value of the property within six months of the sheriff's sale, then the debtor may file a petition to have the judgment marked satisfied, released and discharged as a matter of law. 42 Pa.C.S.A. § 8103(d); *First Nat. Consumer Discount Co. v. Fetherman,* 515 Pa. 85, 527 A.2d 100, 105 (1987).

■■■ Here, Home Savings takes issue with the provision of § 8103(a) that specifies that the petition to fix fair market value "shall be filed as a supplementary proceeding in the matter in which the judgment was entered". Home Savings asserts that pursuant to § 8103(a), a petition to fix fair market value can be filed in *any* matter in which judgment was entered. Home Savings contends, therefore, that its petitions to fix fair market value and for deficiency judgment filed in the Confession Actions, preserved its deficiency judgment claims against Appellees in the Foreclosure Actions. The trial court disagreed. Instead, the trial court concluded that Home Savings was required to file its petitions to fix fair market value and for deficiency judgment in the Foreclosure Proceedings, the actions in which the real property was sold. We agree with the trial court.

To resolve the question posed by Home Savings, an examination of the historical context of deficiency judgment proceedings is required. Prior interpretations of the Deficiency Judgment Act have precluded creditors from instituting deficiency judgment actions in mortgage foreclosure actions.[5] *See Meco Realty Co. v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964) (judgment in an action of mortgage foreclosure is a judgment against the land (*de terris*) and imposes no personal liability upon the mortgagors against whom the judgment is obtained, therefore the creditor may not resort to the Deficiency Judgment Act of 1941 to change the nature of the foreclosure judgment from a judgment *de terris* to one *in personam* ); *McDowell National Bank of Sharon v. Stupka,* 310 Pa.Super. 143, 456 A.2d 540, 542–543 (1983) relying on *Meco, supra* (the Deficiency Judgment Act of 1978 and applicable rules of civil procedure distinguish between in personam and in rem judgments and exclude actions to enforce personal liability in a mortgage foreclosure proceedings); *First Seneca Bank v. Greenville Distributing Co.,* 367 Pa.Super. 558, 533 A.2d 157, 161 (1987) *relying on Meco and McDowell, supra* (a petition for deficiency judgment pursuant to § 8103 cannot be brought in a mortgage foreclosure action because the judgment obtained in a mortgage foreclosure action is a judgment *in rem,* "[t]hus mortgagees who have purchased property at a sheriff's sale after obtaining a judgment in mortgage foreclosure can only recover the deficiency if they obtain a personal judgment, and, in the proceeding in which they have obtained the personal judgment, have filed a petition for deficiency judgment within six months of the execution sale.")

In *Meyer v. Castellucci,* 378 Pa.Super. 165, 548 A.2d 554 (1988), however, this Court held that pursuant to § 8103 of the Deficiency Judgment Act, where the appellant failed to file the petition to fix fair market value in the foreclosure action within six months of the foreclosure judgment, the debtor was permitted to have the judgment marked satisfied, released, and discharged. Moreover, the appellant's petition to fix fair market value in a separate confession action, well after the statutory six-month period had elapsed, did not preserve the appellant's right to seek a deficiency judgment against the debtor.

As previously noted, the Deficiency Judgment Act was amended in 1978, 1998 and 2004. In light of these amendments and for the reasons that follow, we affirm the trial court's determination that the plain language of the Deficiency Judgment Act, as amended, requires petitions to fix fair market value to be filed in the dockets of the Foreclosure Actions.

The amended Deficiency Judgment Act explains that the petition to fix fair market value should be filed "as a supplementary proceeding *in the matter in which the judgment was entered."* 42 Pa.C.S.A. § 8103(a) (emphasis added). The Act defines this as the matter in which "real property is sold ... to the judgment creditor in execution proceedings." 42 Pa. C.S.A. § 8103(g).[6]

---

**5.** The Deficiency Judgment Act of 1941 was amended in 1978, 1998 and 2004.

**6.** See 42 Pa.C.S.A. § 8103(a):

Whenever any real property is sold ... to the judgment creditor in execution proceedings ... [a petition to fix fair market value] shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

*and* 42 Pa.C.S.A § 8103(g) which defines the term "judgment" as:

The judgment which was enforced by the execution proceedings referred to in subsection (a) [§ 8103(a)] whether that judgment is a judgment in personam such as a

When read together, sections 8103(a) and 8103(g) of the amended Deficiency Judgment Act now mandate that the petition to fix fair market value "shall" be filed as a supplementary proceeding in the matter in which the real property was sold to the judgment creditor in execution proceedings (i.e. in the foreclosure action). *See Com., Dept. of Transp. v. McCafferty*, 563 Pa. 146, 758 A.2d 1155, 1165, n. 13 (2000) (the term "shall" is mandatory for purposes of statutory construction when a statute is unambiguous). Thus, the amended Deficiency Judgment Act has removed the historical obstacles to the filing of petitions to fix fair market value as a supplement to mortgage foreclosure actions.[7]

Here, the real property was executed upon and sold in the Foreclosure Actions. Home Savings' petitions to fix fair market value should therefore have been filed in the Foreclosure Actions (the matters in which the "real property [was] sold . . . to the judgment creditor in execution proceedings." §§ 8103(a) and (g)). Because Home Savings failed to file petitions to fix fair market in the Foreclosure Actions, the trial court did not err in directing the prothonotary to mark the judgment in the Foreclosure Actions satisfied pursuant to 42 Pa.C.S.A. § 8103(d). *See First Federal Sav. & Loan Ass'n of Carnegie v. Keisling*, 746 A.2d 1150, 1157 (Pa.Super.2000) ("[a] failure of the judgment creditor to proceed

under the Deficiency Judgment Act within [the] statutorily mandated time raises as a matter of law the conclusive presumption that the judgment has been satisfied").

 We additionally find no merit to Home Savings' argument that the trial court abused its discretion in denying Home Savings' motion to transfer the petitions to fix fair market value from the Confession Actions to the Foreclosure Actions. As explained above, the provisions of § 8103(a) mandate that the petition to fix fair market value shall be filed in the matter in which the real property was sold in execution proceedings. Because § 8103(a) is mandatory, the trial court had no discretion to ignore it and permit transfer of the petitions to fix fair market value filed in the Confession Actions, in order to preserve Home Savings' right to proceed against Appellees in the Foreclosure Actions. Such a measure would allow Home Savings to circumvent the express requirements of the statute.

For the foregoing reasons we affirm the trial court orders striking Home Savings' preliminary objections and directing the prothonotary to mark the judgments in the Foreclosure Actions satisfied.

Orders affirmed.

---

judgment requiring the payment of money or a judgment de terris or in rem such as a judgment entered in an action of mortgage foreclosure or a judgment entered in an action or proceeding upon a mechanic's lien, a municipal claim, a tax lien or a charge on land.
42 Pa.C.S.A. § 8103(g) as amended 1998, Dec. 21, P.L. 1082, No. 144, § .1; 2004, Nov. 24, P.L. 1243, No. 152, § 5.

7. The Pennsylvania Supreme Court has amended the rules of civil procedure to com-

port with the amended Deficiency Judgment Act. *See* Pa.R.C.P. § 3276–3291.
The Explanatory Comments to Pa.R.C.P. 3276 provide, in pertinent part:
the [amended] rules [of civil procedure] remove the impediment to bringing a deficiency judgment proceeding supplementary to an action of mortgage foreclosure. . . . Thus, in an action of mortgage foreclosure, an action *de terris*, the petition to fix the fair market value 'shall' be filed following the sale of the real property in the execution proceeding.