J-A24024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TD BANK. N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BURTON2ASSOCIATES, LLC & BUCKS COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY, | |
| Appellees | No. 56 EDA 2014 |

Appeal from the Order Entered December 5, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-09088

| | |
|---|---|
| TD BANK. N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BURTON2ASSOCIATES, LLC & BUCKS COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY, | |
| Appellees | No. 340 EDA 2014 |

Appeal from the Order Entered December 26, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-09088

| | |
|---|---|
| TD BANK. N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BURTON2ASSOCIATES, LLC & BUCKS COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY, | |

|                | |                   |
|----------------|-|-------------------|
| Appellees      | | No. 343 EDA 2014  |

Appeal from the Order Entered December 26, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-09088

BEFORE:  BENDER, P.J.E., FITZGERALD, J.* and PLATT, J.*

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 05, 2014**

In this mortgage foreclosure action, TD Bank, N.A. (TD Bank) appeals from the orders entered December 5, and 26, 2013, which, collectively, granted the petitions filed by Steven Gross (Gross) and Wayne and Barbara Schur (the Schurs) and directed the Bucks County Prothonotary to mark the judgment entered December 28, 2011, "satisfied, released, and discharged," pursuant to 42 Pa.C.S. § 8103(d).[1]  We affirm.

On August 8, 2007, Burton2Associates, LLC, of which both Gross and Wayne Schur are members, borrowed $4,083,000 from TD Bank, to purchase and renovate a commercial property located at 625 Winks Lane,

_____

* Former Justice specially assigned to the Superior Court.

**Former Senior Judge assigned to the Superior Court.

[1] At No. 56 EDA 2014, the order appealed was dated December 4, 2012, and entered on the docket on December 5, 2012. At No. 340 EDA 2014, the order appealed was dated December 20, 2012, and entered December 26, 2012.  At No. 343 EDA 2012, the order appealed was dated December 23, 2012, and entered December 26, 2012.  This Court *sua sponte* consolidated these appeals.  **See** Pa.R.A.P. 513.

Bensalem, Bucks County, Pennsylvania (the Property).[2]  The loan was secured by a mortgage.  In addition, Gross and Wayne Schur guaranteed the loan individually.[3]

Burton2Associates, LLC defaulted on its loan.  On March 4, 2011, TD Bank confessed judgment against Burton2Associates, LLC, Gross, Wayne Schur, *et al.*, in Chester County.  **See** Chester County Civil Action No. 11-02426.  Thereafter, TD Bank transferred the confessed judgment to Bucks and Montgomery Counties and commenced a complaint in mortgage foreclosure against the Schurs' personal residence.  **See** Bucks County Civil Action No. 2011-02419; Montgomery County Civil Action No. 2011-30497.  In response, Gross petitioned to open and/or strike the confessed judgment in Chester County.  On November 29, 2012, Gross sought and thereafter obtained an emergency stay of execution against his personal assets in Montgomery County, pending disposition of his petition to open and/or strike.  The stay remained in effect until terminated on May 6, 2013.

In parallel proceedings, on October 14, 2011, TD Bank commenced this mortgage foreclosure action.  On December 28, 2011, judgment was entered on its behalf (the Property judgment).  On July 13, 2012, the

---

[2] TD Bank is the successor-in-interest to Commerce Bank, with whom the initial loan originated.

[3] Wayne Schur gave TD Bank a mortgage on his personal residence located in Montgomery County.

Property was sold to TD Bank for costs in the amount of $1,217.89. The deed was dated October 11, 2012, and recorded on October 26, 2012.

On May 14, 2013, Gross filed a petition pursuant to 42 Pa.C.S. § 8103(d), asserting TD Bank had failed to file timely a petition to set the fair market value of the Property and seeking to have the foreclosure judgment marked satisfied, released and discharged. The Schurs filed a similar petition on May 13, 2013, and an amended petition on June 4, 2013. Thereafter, TD Bank filed a petition to set the fair market value on September 13, 2013. Following argument and briefing, the trial court granted their petitions in a series of orders, and TD Bank timely appealed. TD Bank filed court-ordered Pa.R.A.P. 1925(b) statements, and the court filed a responsive opinion.

TD Bank raises the following issues on appeal:

1. Whether TD Bank was required to file a petition to set fair market value in a mortgage foreclosure proceeding during the pendency of a stay of "all actions in furtherance of execution or transfer of [a] confessed judgment" where a) the mortgage foreclosure action and confessed judgment are predicated on the same underlying debt, b) the language of the order directing a stay was broadly drafted by Appellant Gross, c) and [sic] where Gross was a necessary party to any petition to set fair market value?

…

2. Whether the scope of the stay order drafted by Gross could be retroactively interpreted to TD Bank's detriment by considering facts outside the language of the stay order?

…

3. Whether, in interpreting the language of the stay order, it was appropriate for the trial court to narrowly and retroactively construe the language of the stay order to TD Bank's detriment under the premise that the Deficiency Judgment Act should be liberally construed in favor of debtors where 1) interpreting the stay order did not require interpretation of any provision of the Deficiency Judgment Act and 2) where the Pennsylvania Savings Statute is to be liberally construed in favor of TD Bank?

…

4. Whether the trial court was required to create an evidentiary record and hold a trial pursuant to Pa.R.C.P. 3291 where 1) TD Bank denied the material allegations of the petitions to mark the judgment satisfied by [Appellees] Gross and the Schurs, 2) where the court expressly considered matters outside the record and made credibility determinations and 3) where TD Bank repeatedly demanded a trial in writing?

Appellant's Brief, at 6-7.

In addressing these issues, our review is limited to

'assessing whether sufficient evidence exists to sustain the trial court's order, or whether the court committed a reversible error of law. The creditor must carry the burden to demonstrate its compliance with the Deficiency Judgment Act.' … Moreover, the Deficiency Judgment Act is to be liberally interpreted in favor of judgment creditors.

***Home Sav. & Loan Co. of Youngstown, Ohio v. Irongate Ventures, LLC***, 19 A.3d 1074, 1078 (Pa. Super. 2011) (***Irongate Ventures***) (quoting and citing ***First Fed. Sav. & Loan Ass'n of Carnegie v. Keisling***, 746 A.2d 1150, 1153-54 (Pa. Super. 2000)). To the extent TD Bank challenges the trial court's interpretation of the Deficiency Judgment Act, our review is plenary and *de novo*. ***See Wilson v. Transp. Ins. Co.***, 889 A.2d 563, 570 (Pa. Super. 2005).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the opinion authored by the Honorable Jeffrey L. Finley of the Court of Common Pleas of Bucks County, entered April 28, 2014. The principal dispute between the parties involves the proper application of the Deficiency Judgment Act, specifically whether an emergency stay of execution against Gross' personal assets located in Montgomery County tolled the six-month time limit to file a petition to set the fair market value of the Property. In this regard, the trial court determined that (1) TD Bank was required to file a petition to set the fair market value of the Property within six months of recording its deed on October 26, 2012; (2) the six-month period expired on April 26, 2013; (3) TD Bank's petition, filed in September 2013, was untimely; (4) the stay of execution was relevant only to the confessed judgment pending in Montgomery County and did not impact TD Bank's obligation to file a petition in the mortgage foreclosure proceeding; and (5) therefore, pursuant to the Deficiency Judgment Act, the debtors were entitled to have the Property judgment marked satisfied, released, and discharged.[4]

---

[4] The trial court opinion includes typographical errors on pages 9 and 11, suggesting that the time expired for TD Bank's petition to set fair market value on "April 26, 2012." Trial Court Opinion, 04/28/2014, at 9, 11. Clearly, this was inadvertent. The six-month period expired on April 26, 2013.

We observe that TD Bank did not dispute material facts before the trial court, averring rather that this matter called for a legal determination to be made by the court. Further, we discern no error in the court's interpretation and application of the Deficiency Judgment Act. **See** 42 Pa.C.S. § 8103; **see also Irongate Ventures**, 19 A.3d at 1078-80. To the extent TD Bank draws a comparison between the limited stay of execution granted in Montgomery County and the broad, automatic stay granted debtors in the context of bankruptcy proceedings, we deem its arguments unpersuasive. **See** 11 U.S.C.A. § 362. Finally, TD Bank's reliance on the Pennsylvania Savings Statute, codified at 42 Pa.C.S. § 5535(b), is misplaced. Accordingly, TD Bank is not entitled to relief.

We conclude that Judge Finley's opinion is dispositive of the issues presented in this appeal. Accordingly, we adopt the opinion as our own for purposes of further appellate review.

Orders affirmed.

Judge Platt joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014

# IN THE COURT OF COMMON PLEAS
# OF BUCKS COUNTY, PENNSYLVANIA
# CIVIL DIVISION

TD BANK, N.A.

        Appellant

        v.

BURTON2ASSOCIATES, LLC, *ET AL*

        Appellees

No.  2011-09088

## OPINION

TD Bank, N.A., ("TD Bank") appeals from this Court's December 4, 2013 and December 23, 2013 Orders, granting Burton2Associates, LLC and Wayne and Barbara Schur's Petition to Mark the Judgment Satisfied.

## FACTUAL AND PROCEDURAL HISTORY

On August 8, 2007, Burton2Associates, LLC borrowed $4,083,000 from TD Bank to purchase and renovate the commercial property located at 625 Winks Lane, Bensalem, Bucks County, Pennsylvania ("Winks Lane Property"). Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, pp. 2-3. As security for the loan, Burton2Associates, LLC executed a mortgage with TD Bank on the Winks Lane Property. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 3. As further security for the loan, Wayne Schur executed a mortgage with TD Bank on his personal residence at 191 Presidential Boulevard, No. 427, Bala Cynwyd, Montgomery

1

County, Pennsylvania. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 3.

On March 4, 2011, TD Bank confessed judgment against Burton2Associates, LLC, Burton Photo Industries, Inc., t/a Burton Imaging Group, Rorer Street Associates, L.P., Rorer Street Management, LLC, Wayne Schur, and Steven Gross in Chester County Civil Action No. 2011-02426, in the amount of $4,101,421. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, pp. 3-4. On March 14, 2011, TD Bank transferred the Chester County Judgment to the Court of Common Pleas in Bucks County. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 4. On November 2, 2011, TD Bank transferred the Chester County Judgment, in the amount of $4,101,421, to the Court of Common Pleas in Montgomery County. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 4.

On April 7, 2011, Steven Gross filed a Petition to Open or Strike the Judgment in the Chester County Court of Common Pleas. TD Bank's Answer, 6/24/13, pp. 5-6. Thereafter, TD Bank attempted to execute on the property of Steven Gross in Montgomery County after the confessed judgment was transferred from Chester County to Montgomery County. TD Bank's Answer, 6/24/13, p. 6.

On October 13, 2011, TD Bank filed the present mortgage foreclosure action in Bucks County, naming Burton2Associates, LLC and the Bucks County Industrial Development Authority as defendants and seeking to foreclose on the Winks Lane Property. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 4. On December 28, 2011, TD Bank filed a praecipe to enter judgment against

2

Burton2Associates, LLC in this mortgage foreclosure case, and the Court entered judgment and assessed damages in the amount of $4,244,713.42 plus costs and interest. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 5. On July 13, 2012, the Winks Lane Property was sold in a Sheriff's Sale to TD Bank for costs in the sum of $1,217.89. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 5. The July 13, 2012 sale of the Winks Lane Property was described in a deed dated October 11, 2012, and recorded in the Bucks County Recorder of Deeds on October 26, 2012. Schurs' Amended Petition to Mark the Judgment Satisfied, 6/4/13, p. 5.

On November 29, 2012, Steven Gross filed an Emergency Petition to Stay Execution in Montgomery County, pending resolution of his Petition to Strike And/Or Open a Confessed Judgment in Chester County. TD Bank's Answer, 6/24/13, p. 6. On December 5, 2012, the Honorable Bernard A. Moore of the Court of Common Pleas in Montgomery County heard argument on Mr. Gross' Petition to Stay. TD Bank's Answer, 6/24/13, p. 6. At the argument, Judge Moore asked the attorney for TD Bank directly:

> The Court: Are there other parties being executed on at the same time?
> Ms. Preston: I'll start with your Honor's last question, if there is any other parties being executed on. We're not, at this point, in this case, there are no other defendants in this matter being executed upon.

*N.T. 12/5/12,* p. 10, 11. Later that day, Judge Moore stayed the Montgomery County Sheriff's levy on the confessed judgment against Mr. Gross in an Order stating:

> "all actions in furtherance of execution or transfer of the confessed judgment in this matter are STAYED until entry of an Order from the Court of Common Pleas Chester County

3

> disposing of the pending Petition to Open and/or Strike the Confessed Judgment filed by Steven I. Gross in TD Bank, N.A. v. Burton2Associates, LLC, et al 11-02426."

Stay Order, 12/5/12, p. 1. On December 13, 2012, after the Stay was issued in Montgomery County, TD Bank served notice of deposition on Wayne Schur. Exhibit C to Memorandum of Law in Support of Schurs' Amended Petition to Mark the Judgment Satisfied, 7/15/13, p. 60.

On May 14, 2013, Steven Gross filed a Petition to Mark the Judgment Satisfied in Bucks County, claiming that the six month time period allotted by the Deficiency Judgment Act[1] for TD Bank to Petition to fix the fair market value for the Winks Lane Property had passed[2]. On June 4, 2013, Wayne and Barbara Schur filed the Amended Petition to Mark the Judgment Satisfied, raising the same claims. TD Bank opposed the Petition in an Answer filed June 24, 2013, claiming that the Stay issued by Judge Moore in Montgomery County tolled the six month window allotted to fix the fair market value.

This Court heard argument from counsel in Chambers on December 4, 2013. At no point during the proceedings did either party request that the argument be held on the record, nor did either party request a hearing in this matter. On December 4, 2013, this Court granted the Petition to Mark the Judgment Satisfied as to Burton2Associates, LLC. Due to errors in transcription, this Court issued an additional Order on December 20, 2013. On December 23, 2013, this Court corrected the December 4, 2013 and December 20, 2013 Orders and issued an Order which accurately reflects the relief

---

[1] 42 Pa.C.S.A. §8103.
[2] Because the deed from the Sheriff's Sale was recorded on October 26, 2012, TD Bank had until April 26, 2013 to file to fix the fair market value of the Winks Lane Property.

4

requested in the Petition to Mark the Judgment Satisfied. The Order issued December 23, 2013 supersedes both previous Orders.

On December 23, 2013, TD Bank filed Notice of Appeal to the Order dated December 4, 2013. On January 6, 2014, TD Bank filed Notice of Appeal for the Orders entered by this Court on December 20, 2013 and December 23, 2013.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On January 16, 2014, TD Bank, N.A., filed the Statement of Matters Complained of on Appeal to the Order filed by this Court on December 4, 2013. The issues raised on appeal on stated verbatim:

1. The Court abused its discretion or erred as a matter of law in granting the Gross Petition where TD Bank filed a timely answer which denied the allegations in the Gross Petition and where the Court failed create [sic] any evidentiary record, or conduct a trial as required by Pa.R.C.P. 3291. ("If an answer is filed which denies the allegations in the petition, the trial shall be by a judge sitting without a jury in accordance with Rule 1038.").

2. The Court abused its discretion or erred as a matter of law in granting Gross's Petition where TD Bank timely filed a petition to set the fair market value of property pursuant to 42 Pa.C.S.A. §8103(A).

3. The Court abused its discretion or erred as a matter of law in granting Gross's Petition where Gross requested and received a broad stay drafted by Petitioner Gross (the "Stay Order") from the Montgomery County and where the Stay Order provided that "IT is hereby ORDERED that the Petition to Stay is GRANTED and all actions in furtherance of execution or transfer of the confessed judgment in this matter are STAYED until entry of an Order from the Court of Common Pleas of Chester County disposing of the pending Petition to Open and/or Strike the Confessed Judgment filed by Steven I. Gross in TD Bank, N.A. v. Burton 2 Associates, LLC et al. No. 11-02426."

4. The Court abused its discretion or erred as a matter of law in failing to honor the terms of the Stay Order which terms were expressly relied upon by TD Bank in forbearing from filing a deficiency judgment petition during the pendency of the Stay, as required by law.

5

5. The Court abused its discretion or erred as a matter of law in falling to apply the Pennsylvania Savings Statute, codified at 42 Pa.C.S.A. 5535(b) which provides that, "Where the commencement of a civil action or proceeding has been stayed by a court or by a statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced."

Statement of Matters Complained of on Appeal, pp. 1-3, 1/16/14.

On January 30, 2014, TD Bank, N.A., filed the Statement of Matters Complained

of on Appeal to this Court's Orders dated December 20, 2013 and December 23, 2013.

The issues raised on Appeal are stated verbatim:

1. The Court abused its discretion or erred as [sic] matter of law in granting and entering two separate orders with respect to Wayne Schur and Barbara Schur's Petition to Mark the Judgment Satisfied ("Schur Petition") and with respect Wayne Schur and Barbara's Amended Petition to Mark Judgment Satisfied ("Schur Amended Petition").

2. The Court abused its discretion or erred as a matter of law in granting the Schur Petition and Schur Amended Petition where TD Bank filed a timely answer to the Amended Petition which denied the allegations in the Schur Amended Petition and where the Court failed to create any evidentiary record, or conduct a trial as required by Pa.R.C.P. 3291. ("If an answer is filed which denies the allegations in the petition, the trial shall be by a judge sitting without a jury in accordance with Rule 1038.").

3. The Court abused its discretion or erred as a matter of law in granting the Schur Petition and Schur Amended Petition where TD Bank timely filed a petition to set the fair market value of property pursuant to 42 Pa.C.S.A. § 8103(A).

4. The Court abused its discretion or erred as a matter of law in granting the Schur Petition and Schur Amended Petition where Petitioner Gross requested and received a broad stay drafted by Petitioner Gross (the "Stay Order") from the Montgomery County Court of Common Pleas as to any execution or transfer of a certain confessed judgment first entered against, inter alia, Petitioner Gross in Chester County (the "Confessed Judgment") which Confessed Judgment was transferred to Bucks County and Montgomery County and where the Stay Order provided that, "IT is hereby ORDERED that the Petition to Stay is GRANTED and all actions in furtherance of execution or transfer of the confessed judgment in this matter are STAYED until entry of an Order from the Court of Common Pleas of Chester County disposing of the pending Petition to Open and/or Strike the

6

Confessed Judgment filed by Steven I. Gross in TD Bank, N.A. v. Burton 2 Associates, LLC et al. No. 11-02426."

5. The Court abused its discretion or erred as a matter of law in failing to honor the terms of the Stay Order which terms were expressly relied upon by TD Bank in forbearing from filing a deficiency judgment petition during the pendency of the Stay, as required by law.

6. The Court abused its discretion or erred as a matter of law in failing to apply the Pennsylvania Savings Statute, codified at 42 Pa.C.S.A. 5535(b) which provides that, "Where the commencement of a civil action or proceeding has been stayed by a court or by a statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced."

Statement of Matters Complained of on Appeal, pp. 1-3, 1/30/14.

## DISCUSSION

As Appellant raised essentially the same issues in both his January 30, 2014 1925(b) Statement that he raised in his January 16, 2014 1925(b) Statement, we discuss the issues together.

I.     Granting Two Orders

In its first issue on Appeal, TD Bank claims this Court erred as a matter of law in issuing two separate orders with respect to Wayne Schur and Barbara Schur's Petition to Mark the Judgment Satisfied. The Order issued December 23, 2013 simply granted the relief to the proper parties, as requested in the Amended Petition to Mark the Judgment Satisfied. TD Bank has no legal basis for this claim.

This Court issued an Order dated December 4, 2013, granting relief under the Deficiency Judgment Act to Burton2Associates, LLC. This Order was issued in error. This Court then issued an Order dated December 20, 2013 which was also entered in error. Under the authority of the trial court, on December 23, 2013, this Court issued

7

the final Order, granting relief to Wayne Schur and Barbara Schur. The Amended Petition to Mark the Judgment Satisfied requested relief for Wayne Schur and Barbara Schur. The December 23, 2013 Order supersedes the prior Orders and was issued to accurately reflect the relief requested by Petitioner in his Amended Petition. As such, this claim has no legal merit on appeal.

## II. Failure to Create an Evidentiary Record

TD Bank contends that this Court erred as a matter of law in failing to create a record pursuant to Pennsylvania Rules of Civil Procedure 3291. However, Rule 3291 does not apply and therefore, this claim is meritless. Further, TD Bank failed to raise this issue before this Court and it is therefore waived on Appeal.

Pennsylvania Rules of Civil Procedure 3287-3291 govern the procedure for Petitions to Mark the Judgment Satisfied pursuant to the Deficiency Judgment Act. The trial Court is required to create an evidentiary record where an Answer is filed which denies allegations in the Complaint. Pa.R.C.P. 3291. The court shall, without further notice or hearing, enter an order directing the prothonotary to mark the judgment satisfied, released and discharged if (1) no answer is filed within the required time to a petition which contains a notice to defend and notice has been given as provided by Rule 237.1 et seq., or (2) an answer is filed which does not deny the allegations in the petition that the judgment creditor has purchased, directly or indirectly, the real property sold in an execution sale on the judgment creditor's judgment and has failed to file a timely petition to fix the fair market value of the real property under Section 8103(a) of the Judicial Code. Pa.R.C.P. 3290. A petition for redetermination of fair market value

8

pursuant to section 8103(4) following execution and delivery of the sheriff's deed for the property sold in connection with the execution proceedings referenced under section 8103 must be commenced within six months. 42 Pa.C.S. § 5522(b)(6). Issues not raised in the Lower Court are waived on Appeal. Pa.R.C.P. 302.

On July 13, 2012, the Winks Lane Property was sold in a Sheriff's Sale. The deed was recorded in the Bucks County Recorder of Deeds on October 26, 2012. By April 26, 2012, TD Bank did not file to fix the fair market value. In its Answer to the Petition to Mark the Judgment Satisfied, TD Bank does not dispute this timeline. Therefore, Pa.R.C.P. 3291 does not apply, and TD Bank's reliance on this rule is misplaced. Rather, Pa.R.C.P. 3290 applies, which requires this Court to enter an Order where the Answer does not deny that the creditor failed to file a timely petition to fix the fair market value. While TD Bank claims that the Montgomery County Stay tolled the six month limitation, the dates are not in dispute. The deed was recorded on October 26, 2012, and by April 26, 2012, TD Bank did not file to fix the fair market value. Because Pa.R.C.P. 3290 is applicable, this Court was not required to make a record pursuant to Pa.R.C.P. 3291. TD Bank's second claim is meritless.

Although this Court was not required to make a record, it is disingenuous on the part of counsel for TD Bank to raise this issue on Appeal when it was never raised in any proceeding before this Court. Moreover, this issue is waived. See Pa.R.A.P. 302(a).

III.    TD Bank's Petition to Set Fair Market Value

TD Bank next claims the Petition to Mark the Judgment Satisfied was granted in error because TD Bank timely filed a Petition to Set the Fair Market Value. As discussed

9

above, TD Bank had six months from the date the deed was recorded to file to fix the fair market value. TD Bank did not file its Petition within the six months of the date the deed was recorded at the Recorder of Deeds in Bucks County, and therefore the third issue raised on Appeal is without merit.

The material provisions of the Deficiency Judgment Act are as follows:

§ 8103. Deficiency judgments.

> (a)    General rule.—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold.

****

> (d) Action in absence of petition.—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S. § 8103(a),(d).

10

Pursuant to the Deficiency Judgment Act, a creditor must file to set the fair market value within six months from the date the deed from the Sheriff's Sale is recorded. The Sheriff's Sale of the Winks Lane Property took place on July 13, 2012, and the deed was recorded on October 26, 2012. Therefore, TD Bank had until April 26, 2012 to file to fix the fair market value of the Winks Lane Property. TD Bank filed to fix the fair market value on September 13, 2013, almost four months after the six month time period expired.

This Court's ruling to Mark the Judgment Satisfied was proper because the six month time period to fix the fair market value expired on April 26, 2013. The Petition to fix the fair market value filed September 13, 2013 was untimely, and this claim has no merit.

IV. Stay Order

In its fourth, fifth and sixth issues raised on Appeal, TD Bank claims this Court erred in failing to honor the terms of the Stay Order issued by the Honorable Bernard Moore in Montgomery County. Specifically, in its fourth issue, TD Bank argues this Court erred in granting Defendant's Petition to Mark the Judgment Satisfied despite the Stay Order issued by Judge Moore in Montgomery County. In its fifth issue, TD Bank states this Court erred as a matter of law in failing to honor the terms of the Stay Order. In its sixth issue, TD Bank argues this Court disregarded the Savings Statute by failing to find the Stay Order in Montgomery County tolled the six month time period to file to fix the fair market value. As these claims involve the same issue, we discuss them together.

11

Whenever any real property is sold and is not sufficient to satisfy the amount of the judgment, the judgment creditor shall petition the court to fix the fair market value of the real property sold. 42 Pa.C.S.A. §8103(a). The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered. Id.

Where the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced. 42 Pa.C.S.A. § 5535(b). However, in an action under the Deficiency Judgment Act, judgment creditor has the burden of showing its compliance with the Act. First Federal Savings & Loan Assoc. of Carnegie v. Keisling, 746 A.2d 1150, 1154 (Pa. Super. 2000). It is to be liberally interpreted in aid of judgment debtors. Id. A failure of a judgment creditor to proceed under the Deficiency Judgment Act within the statutory mandated time raises as a matter of law the conclusive presumption that the judgment has been satisfied. Id.

After TD Bank filed the Complaint in mortgage foreclosure for the property at Winks Lane, Bucks County, the property was sold in a Sheriff's Sale for $1,217.89. The total value of the loan $4,083,000.00. Because the value of the Winks Lane Property was insufficient to satisfy the value of the loan, under the Deficiency Judgment Act, TD Bank could file to fix the fair market value.

In the midst of the foreclosure proceedings on the Winks Lane Property, TD Bank sought to foreclose on the personal property of Steven Gross in Montgomery County. On November 29, 2012, Steven Gross filed an Emergency Petition to Stay Execution for the property in Montgomery County. On December 5, 2012, Judge Moore of the Court

12

of Common Pleas in Montgomery County heard argument from counsel prior to issuing his Order. At argument, Counsel for TD Bank was asked directly:

> The Court: Are there other parties being executed on at the same time?
> Ms. Preston: I'll start with your Honor's last question, if there is any other parties being executed on. We're not, at this point, in this case, there are no other defendants in this matter being executed upon.

*N.T. 12/5/12,* p. 10, 11. Judge Moore then issued an Order granting the Stay, stating:

> "all actions in furtherance of execution or transfer of the confessed judgment in this matter are STAYED until entry of an Order from the Court of Common Pleas Chester County disposing of the pending Petition to Open and/or Strike the Confessed Judgment filed by Steven I. Gross in TD Bank, N.A. v. Burton2Associates, LLC, et al 11-02426."

Based on Judge Moore's questions at argument as well as the language of the Stay Order, it is clear Judge Moore intended the Stay to apply only to the property in Montgomery County. TD Bank now argues that this Stay applied to the Winks Lane Property in Bucks County, as well.

TD Bank's argument is inconsistent with its actions. On December 13, 2012, after the Stay was issued in Montgomery County, TD Bank filed a notice of deposition of Wayne Schur, to pursue the foreclosure on his personal property located in Chester County. When asked directly by Judge Moore whether TD Bank intended the Stay to apply to other Defendants, counsel for TD Bank stated "there are no other defendants in this matter being executed upon." *N.T. 12/5/12,* p. 11. This indicates TD Bank understood the intended scope of Judge Moore's Order as well.

13

Based on the language of the Stay agreement, the argument of counsel in Montgomery County, and the fact that TD Bank continued to pursue the foreclosure of other properties, it is clear the Stay issued in Montgomery County only applied to the personal property of Steven Gross in Montgomery County and the six month time limit did not toll during that time. TD Bank's Petition to fix the fair market value filed September 13, 2013 was untimely.

Under the terms of the Deficiency Judgment Act, which are to be liberally interpreted in favor of debtors, TD Bank had six months after the deed was recorded to fix the fair market value of the Winks Lane Property. TD Bank had every opportunity to act in those six months, but failed to do so. Based on the language of the Deficiency Judgment Act, the clear scope of the Stay Order in Montgomery County, and the actions and inaction of TD Bank, the Petition to Mark the Judgment Satisfied was properly granted. TD Bank's final claims are without merit.

## CONCLUSION

As Appellant did not timely file a Petition to fix the fair market value pursuant to the Deficiency Judgment Act, this Court properly granted the Petition to Mark the Judgment Satisfied and TD Bank's issues raised on appeal are without merit.

BY THE COURT:

Jeffrey W. Finley, P.J.

DATE: April 24, 2014

14

Copies sent to:

Sigmund J. Fleck, Esq.
118 West Market Street, Suite 300
West Chester, PA 19382
For plaintiff TD Bank

Burton2Associates
3332-2244 RORER ST
PHILA, PA 19134

John P. Koopman, Esq.
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
For Bucks County Industrial Development Authority

Marvin L. Wilenzik, Esq.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422

James P. Golden, Esq.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
goldenjp@hamburg-golden.com
For petitioners Schur