J-A19027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BR HOLDING FUND, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHEIDA MCKENDRICK | : | |
| (MORTGAGOR AND REAL OWNER) | : | |
| AND SHACONDA MCKENDRICK | : | No. 3530 EDA 2019 |
| (REAL OWNER) | : | |
| | : | |
| | : | |
| APPEAL OF: SHAHEIDA | : | |
| MCKENDRICK | | |

Appeal from the Order Entered November 7, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 150501159

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 11, 2020**

Shaheida McKendrick appeals from the order fixing fair market value for the real property located at 113 South Street in Philadelphia ("the property") and entering a deficiency judgment against her. McKendrick argues that the court erred in imposing personal liability in a mortgage foreclosure action and that the underlying judgment in mortgage foreclosure was void. We affirm.

In 2007, McKendrick executed a mortgage on the property and a promissory note in favor of Alternative Business Credit, LLC in exchange for a $765,000 loan. **See BR Holding Fund LLC v. McKendrick**, No. 385 EDA 2018, 2018 WL 6839353, at *1 (Pa.Super. Dec. 31, 2018) (unpublished memorandum). Alternative Business Credit, LLC assigned its interest to Patriot

Group, LLC, which in turn assigned its interest to Fairway Fund III, LLC ("Fairway Fund"). Fairway Fund initiated mortgage foreclosure proceedings against the property in 2009. The action ended in 2014, when the trial court entered judgment *non pros*.

Fairway Fund then assigned its interest to BR Holding Fund, LLC ("BR Holding"). BR Holding initiated a new foreclosure action on the property in 2015. By that time, McKendrick co-owned the property along with her sister, Shaconda McKendrick, whom BR Holding named as a defendant in the mortgage foreclosure proceedings. Following a bench trial, the court entered judgment against the McKendricks and assessed damages at $1,866,100.85, plus interest accruing at $317.54 per day as of July 10, 2017. **See** Judgment in Mortgage Foreclosure, filed 8/23/17.

The McKendricks appealed the foreclosure judgment but did not post a supersedeas bond. As a result, while the case was pending on appeal, the property went to sheriff's sale and BR Holding bought it for $71,700. We thus dismissed the McKendricks' appeal as moot, because they no longer had any ownership interest in the property. **See McKendrick**, No. 385 EDA 2018, 2018 WL 6839353, at *2. The Supreme Court denied the McKendricks' petition for allowance of appeal.

Meanwhile, BR Holding filed a Motion to Fix Fair Market Value of Real Property and Establish Deficiency Judgment against McKendrick, pursuant to the Deficiency Judgment Act. **See** 42 Pa.C.S.A. § 8103(a). BR Holding later filed an Amended Petition and Second Amended Petition, each accompanied

by a Notice to Defend. McKendrick filed an Answer, but, after a hearing, the Court granted the Motion. The court entered an order fixing fair market value of the property at $429,721.59. The order also announced a deficiency judgment against McKendrick in the amount of $1,958.036.67, with interest accruing at $317.54 per day, plus attorney's fees.

McKendrick appealed, and raises the following issues:

> I. Did the lower court err in deeming the *in rem* foreclosure judgment an *in personam* judgment against [a]ppellant Shaheida McKendrick when said judgment was fully satisfied by the Sheriff's sale of the realty at 113 South Street, Philadelphia, PA?
>
> II. Was the underlying judgment in this case improperly obtained because the Plaintiff failed to comply with Pa.R.C.P. 3051 as a prerequisite to BR Holding's action in the mortgage foreclosure, which foreclosure was the subject of a *non pros* by concurrent Order in the same court at CP 091002793, and neither the plaintiff in the earlier case nor its assignee/appellee proceeded pursuant to the rule?

McKendrick's Br. at 5.

"The scope of appellate review in a deficiency judgment proceeding is limited to assessing whether sufficient evidence exists to sustain the trial court's order, or whether the court committed a reversible error of law." ***Home Sav. & Loan Co. of Youngstown, Ohio v. Irongate Ventures, LLC***, 19 A.3d 1074, 1078 (Pa.Super. 2011).

## Deficiency Judgment

McKendrick argues the court erred in entering a deficiency judgment against her following the judgment in mortgage foreclosure because a mortgage foreclosure proceeding is an *in rem* proceeding and cannot support

an *in personam* deficiency judgment. McKendrick's Br. at 15-16. McKendrick claims that in ***Irongate Ventures***, we only interpreted the Deficiency Judgment Act insofar as we explained that a petition to fix fair market value must be filed within six months and on a mortgage foreclosure docket, as opposed to a confessed judgment docket. She claims we did not upset long-standing precedent that mortgage foreclosure itself is strictly an *in rem* proceeding that imposes no personal liability. She further argues that Pa.R.C.P. 1141(a) prohibits including a personal liability action within a mortgage foreclosure action.

The Deficiency Judgment Act provides a mechanism for a judgment creditor to obtain a deficiency judgment against the judgment debtor. It allows a judgment creditor that purchased the subject property in execution proceedings to petition the court to fix the fair market value of the property, if the purchase price does not satisfy the judgment, interest, and costs, and the judgment creditor wishes to collect the balance due on such amounts. 42 Pa.C.S.A. § 8103(a). Once the court determines the fair market value of the property, the judgment debtor is released and discharged of liability to the extent of the fair market value (less liens, costs, taxes, and claims not discharged by the sale or paid at distribution of the sale). ***Id.*** at § 8103(c)(5). The judgment creditor may then "proceed by appropriate proceedings to collect the balance of the debt." ***Id.***

The proceeding pursuant to the Act is a supplementary proceeding in "the matter in which the judgment was entered." ***Id.*** at § 8103(a); ***Irongate***

***Ventures***, 19 A.3d at 1078. "Judgment" here means "[t]he judgment which was enforced by the execution proceedings" to which Section 8103(a) refers, "whether that judgment is a judgment *in personam* such as a judgment requiring the payment of money or a judgment *de terris* or *in rem* such as a judgment entered in an action of mortgage foreclosure . . . ." 42 Pa.C.S.A. § 8103(g).

McKendrick is correct that a mortgage foreclosure action in Pennsylvania is "strictly an *in rem* or '*de terris*' proceeding." ***Nicholas v. Hofmann***, 158 A.3d 675, 696 (Pa.Super. 2017). Such *de terris* or *in rem* proceedings are in contrast to an *in personam* action, and the purpose of a mortgage foreclosure action "is solely to effect a judicial sale of the mortgaged property." ***Id.*** McKendrick is also correct that the Rules of Civil Procedure preclude the inclusion of personal liability claims in a mortgage foreclosure complaint, as well as any counterclaims not related to the origination of the mortgage. ***See*** Pa.R.C.P. 1141(a), 1148; ***Nicholas***, 158 A.3d at 697.

However, McKendrick's argument that the foreclosure judgment cannot give rise to an *in personam* obligation ignores the language of the Deficiency Judgment Act. Although originally Depression-era legislation,[1] the General Assembly amended the Act in 1978, 1998, and 2004. In ***Irongate Ventures***, we observed these amendments "removed the historical obstacles to the filing of petitions to fix fair market value as a supplement to mortgage foreclosure

---

[1] ***See First Fed. Sav. & Loan Ass'n of Carnegie v. Keisling***, 746 A.2d 1150, 1155 (Pa.Super. 2000).

- 5 -

actions." 19 A.3d at 1080. The plain language of the Act presently permits a petition to fix fair market value "as a supplementary proceeding in the matter in which the judgment was entered," even if that judgment was *de terris* or *in rem*, such as a foreclosure judgment. 42 Pa.C.S.A. at § 8103(a), (g). These subsections, when read together, permit a judgment creditor to file a petition to fix fair market value as a supplementary proceeding in the foreclosure action, following execution of the foreclosure judgment, and obtain a determination of "the balance of the debt[.]" 42 Pa.C.S.A. § 8103(c)(5); ***Irongate Ventures***, 19 A.3d at 1080; ***accord Nicholas***, 158 A.3d at 696 n.34.

In addition, the Supreme Court has amended the Rules of Civil Procedure governing deficiency judgment actions consistent with the amendments to the Act. ***See Irongate Ventures***, 19 A.3d at 1080 n.7. In particular, Rule 3278 provides that a deficiency judgment action be brought "as a supplemental proceeding in the execution proceeding." Pa.R.C.P. 3278.[2] As the Explanatory Comment to Rule 3276 explains, "[i]n allowing a deficiency judgment proceeding to be brought supplementary to an action *de terris* or *in rem*, the character of the action is not altered." Pa.R.C.P. No. 3276, Explanatory Comment—1996.

---

[2] The Rules further outline the procedure for the deficiency judgment action. ***See*** Pa.R.C.P. 3276-91. For example, Rule 3282 provides that a deficiency judgment petition include a request to fix fair market value and be accompanied by a Notice to Defend, and Rule 3285 provides for a trial. ***See*** Pa.R.C.P. 3282, 3285.

Here, McKendrick does not argue that BR Holding failed to follow the Rules governing deficiency actions, or that the court erred in fixing the fair market value of the property, or in calculating the deficiency of the debt. McKendrick argues only that a personal deficiency judgment cannot flow from a mortgage foreclosure judgment. Given the foregoing changes in the law, this argument holds no water. **See Irongate Ventures**, 19 A.3d at 1080.

### Rule 3051

McKendrick next argues the court erred in fixing fair market value of the property and entering deficiency judgment against her because BR Holding never moved to open or strike the judgment of *non pros* entered in the prior foreclosure action. McKendrick argues that BR holding had to file a petition to strike or open the judgment of *non pros*, rather than institute a new foreclosure action. McKendrick emphasizes that foreclosure on the mortgage was subject to the same defenses as it was prior to its assignment to BR Holding.

The trial court found no merit to this argument. It stated, "Pennsylvania jurisprudence is clear that judgments of *non pros* do not preclude a plaintiff from bringing a new claim with the same cause of action within the statute of limitations." Trial Court Opinion, 2/11/20, at 6-7. The court also found the claim was previously litigated because McKendrick had raised it in her appeal from the mortgage foreclosure judgment.

We agree that McKendrick cannot now litigate this issue, as she already raised it during her direct appeal of the judgment of mortgage foreclosure.

***See McKendrick***, No. 385 EDA 2018, 2018 WL 6839353, at *1 n.1; ***Riccio v. Am. Republic Ins. Co.***, 705 A.2d 422, 425 (Pa. 1997) (explaining the law of the case doctrine). We also agree that the issue is meritless, as the entry of a judgment of *non pros* does not preclude a plaintiff from commencing a new action on the same cause of action, within the statute of limitations. ***See Hatchigian v. Koch***, 553 A.2d 1018, 1020 (Pa.Super. 1989).

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *12/11/2020*